258 So.2d 77

### CITY OF WEST MONROE

v.

### Katherine JENKINS.

### No. 51897.

Feb. 3, 1972.

Rehearing Denied March 8, 1972.

Paul Henry Kidd, Robert P. McLeod, Monroe, for defendant-relator.

Norris, Joiner & Swearingen, West Monroe, Charles E. Joiner, Asst. City Atty., for plaintiff-respondent.

PER CURIAM.

Writs were granted in this case on the application of Katherine Jenkins, who represented that she was an indigent and unable to pay the fine imposed on her by the City Court of West Monroe, because of her indigency. Her application to us contained what purports to be the ruling of the city court judge: "The Court finds Katherine Jenkins to be willing to pay the

fine but unable to pay same because of her indigency."

On argument before us, counsel for defendant admitted that the trial judge had not made such "ruling."

Whereupon, this court requested a return from the judge of the West Monroe City Court. That return, in the form of a *per curiam*, fully states the facts involved:

"TO THE HONORABLE, THE SUPREME COURT OF THE STATE OF LOUISIANA:

"On Monday morning, July 26, 1971, Mr. Carl Head, jailer for the City of West Monroe, Louisiana, reported to the Court that he had several prisoners who desired to appear before the Court to enter a plea of guilty to the charges pending against them. One of these defendants was Katherine Jenkins, who was charged with committing aggravated battery on the person of Louis Johnson by cutting him with a knife.

"Mr. Head brought Katherine Jenkins before the Court in Chambers, whereupon Katherine Jenkins informed the Court that she desired to enter a plea of guilty to the aforesaid charge and the plea of guilty was accepted and the defendant fined $300.00 and costs and, in default of payment of fine and costs, was sentenced to 90 days in jail. At no time did the Court inquire into the financial status of this defendant and, in fact,

as far as the Court is aware, he has never seen this defendant before or since her appearance on the above date.

"On August 23, 1971, Artis Johnson called on the Court in Chambers and informed the Court that Katherine Jenkins could and would pay the balance of her fine and costs in the amount of $103.24 if she were granted a stay of execution until October 27, 1971. On this occasion Artis Johnson further informed the Court that if Katherine Jenkins did not pay her fine on or before October 27, 1971, that he would pay it for her.

"On October 27, 1971, Mr. Paul Henry Kidd approached the Court in Chambers and informed the Court that he wished to make a test case of the case of Katherine Jenkins and requested the Court to give her a stay of execution until November 10, 1971, to allow her to complete her application to the Supreme Court for writs of certiorari, prohibition, mandamus and for a stay order. Upon Mr. Kidd making said request, the Court wrote on the original bill of information, 'Stay of execution until November 10, 1971. 10/27/71. J. F. M.' as is reflected by the original affidavit.

"At no time did the Court inquire into the indigency of this defendant, nor does the Court have any independent knowledge with respect thereto, neither did the Court at any time hand down any ruling directly or indirectly with respect to the

indigency of the defendant. Further, the Court at no time made any concessions nor comments with respect to the indigency of the defendant.

"Respectfully submitted,

s/ John F. McCormick

JOHN F. McCORMICK
JUDGE OF THE CITY COURT
WEST MONROE, LOUISIANA"

Since there has been no finding by the trial court that the defendant is indigent, the basis upon which we granted this writ does not exist; defendant complains of neither ruling nor judgment of the trial court, and there is nothing before us for review. Our previous orders issued herein are rescinded and the writ is recalled.